## SUPREME COURT.

JOHN G. REILAY and HIRAM WOOD agt. ANSEL THOMAS and WILLIAM PARKER, JR.

To a mere answer, which sets up no counter-claim, but merely defensive,— such as alleged payment of a note before its transfer,—no reply or demurrer is necessary; and none is admissible. (*See* 9 *How. Pr. Rep.* 143, *to the same point.*)

*New-York Special Term, October,* 1854.
*Complaint.*

THE complaint of the above-named plaintiffs against the above-named defendants in this action, respectfully states and shows to this court.

1st. That the plaintiffs now are, and, for some time past, have been, co-partners in trade, doing business under the name and style of " Reilay & Wood."

2d. That on or about the 10th day of January, 1854, at the city of New-York, the above-named defendant Ansel Thomas, at the city of New-York, duly made his promissory note, in writing, of that date, whereby, for value received, he promised to pay, four months after the date thereof, to the order of the

defendant William Parker, jr., at the Greenwich Bank, tne sum of $127 20-100.

3d. That before the maturity of the said note, the said defendant William Parker, jr., duly endorsed the same to the plaintiffs; that when the said note became due and payable, it was duly presented for payment to the defendant Ansel Thomas, at the said Greenwich Bank, and payment thereof was duly demanded, but the same was not paid, nor any part thereof; and that the same was thereupon duly protested for non-payment, and that due notice thereof was given to the defendant William Parker, jr.

4th. And the plaintiffs further say, that they are now the lawful owners and holders of said note, and that the defendants are, and each of them is, justly indebted to the plaintiffs thereon in the sum of $127 20-100, and the interest thereon from the 13th day of May, 1854, together with seventy-five cents fees and expenses of protesting said note.

Wherefore the plaintiffs demand judgment against the said defendants respectively, for the said principal sum and interest, and fees of protest, besides the costs of this action.

The separate answer of Ansel Thomas, one of the defendants in this action, states, and shows to this court.

1st. This defendant admits that he made and executed the promissory note set forth in said complaint, and delivered the same to the said William Parker, jr.

2d. This defendant further says, that he paid and fully satisfied the said promissory note to the said Parker; that such payment and satisfaction of the said promissory note was made to the said Parker, while he, said Parker, was, as defendant is informed and believes, the owner and holder thereof—the same having been made in the month of February, 1854.

3d. The defendant is ignorant, and has not knowledge sufficient to form a belief, as to whether the said Parker endorsed the said promissory note to the said plaintiffs, as stated in the complaint.

4th. This defendant believes, and therefore insists and charges, that said plaintiffs are not *bona fide* holders of the said

promissory note, for a valuable consideration paid by them therefor, before the maturity of said promissory note.

The plaintiffs demur to the second count of the answer of the defendant Thomas, to the complaint in this action, which count is in the following words, viz :—

" This defendant further says, that he paid and fully satisfied the said promissory note to the said Parker; that such payment and satisfaction of the said promissory note were made to the said Parker, while he, said Parker, was, as defendant is informed and believes, the owner and holder thereof—the same having been made in the month of February, 1854."

And the plaintiffs assign as a ground for said demurrer, that the allegations in said count constitute no defence in law to the complaint herein, in this, to wit: that it is not alleged that the plaintiffs had knowledge of such payment and satisfaction at the time of the endorsement and transfer of said note, by said Parker, to the plaintiffs.

M. L. TOWNSEND, *for plaintiffs.*
GEO. A. SHUFELDT, *for defendant.*

ROOSEVELT, Justice. The plaintiffs' law, in this case, on the merits, may be perfectly good, but he has not availed himself of it in the proper manner. The Code, unless in very clear cases of the fitness of that mode of procedure, discourages, and for the best of reasons, as shown by Mr. Justice HARRIS, (9 *How. Pr. R.* 143,) the usually dilatory pleading by demurrer. To a mere answer—an answer setting up no counter-claim, but merely defensive—such as alleged payment of a note before its transfer—no reply or demurrer is necessary, and none therefore is admissible. The cause, without further written pleadings, should be immediately set down for trial on all the issues : and the same judge, whether they be questions of law or questions of fact, and with or without a jury, as the case may be, disposes, at one time and in one hearing, of the whole controversy.

The plaintiffs' demurrer, therefore, is irregular, and must be set aside with $10 costs of the motion, to abide the final event.